Anita Susan Brenner, Esq. (SBN 58741)
Leonard E. Torres, Esq. (SBN 60106)
**LAW OFFICES OF TORRES & BRENNER**
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
Telephone: (626) 792-3175
Facsimile: (626) 792-2921

Attorneys for Defendants Alberto Cortez, Jr., a public employee sued in his individual capacity, Meghan Pasos, a public employee sued in her individual capacity and Julian Robles, a public employee sued in his individual capacity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE A. TORRES,<br><br>            Plaintiff,<br><br>    vs.<br><br>LEE BACA, ET AL.,<br><br>            Defendants. | Case No. 2:13-CV-03430-RGK-AS<br>[U.S. Magistrate Judge Alka Sagar]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ALBERTO CORTEZ, JR., MEGHAN PASOS AND JULIAN ROBLES' MOTION TO DISMISS CASE, OR IN THE ALTERNATIVE FOR EVIDENTIARY SANCTIONS PURSUANT TO FRCP 30 AND 37 FOR PLAINTIFF'S REFUSAL TO APPEAR AT COURT-ORDERED DEPOSITION**<br><br>[Pursuant to F.R.C P. 12(b)(6) & (e)]<br><br>Date:  September 8, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 540 / 5th Floor<br>            U.S. District Court<br>            Los Angeles - Roybal |

*TORRES & BRENNER*
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ...............................2

II.   PROCEDURAL SUMMARY .........................................................................2

    A.   Complaint .................................................................................................. 2

    B.   First Amended Complaint (FAC) ............................................................. 3

    C.   Second Amended Complaint (SAC) ......................................................... 4

    D.   Third Amended Complaint (TAC) ........................................................... 4

    E.   Order Denying TAC and Denying Motion to Dismiss the SAC, Defendants'
       Answer to SAC ......................................................................................... 5

III.  LEGAL STANDARD .................................................................................5

IV.   GOOD CAUSE EXISTS FOR EVIDENTIARY SANCTIONS HERE..........6

    A.   First Deposition Session (5/5/15)............................................................ 6

    B.   Second Deposition Session (6/15/15) ...................................................... 7

    C.   Court Order of 12/8/15 (Dkt. 89) ............................................................ 7

    D.   Third Deposition Session (2/24/16) ........................................................ 8

    E.   Fourth Deposition Session (7/11/16 and 7/12/16) .................................. 8

V.    COSTS OF DEPOSITION NOW TOTAL $6,021.25.....................................8

VI.   CONCLUSION .............................................................................................8

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

# TABLE OF AUTHORITIES

## Cases

*Fjelstad v. Am. Honda Motor Co.*
  762 F.2d 1334 (9th Cir. 1985)........................................................................... 5

*Kopitar v. Nationwide Mut. Ins. Co.*
  2010 U.S. Dist. LEXIS 25079 (E.D. Cal. Mar. 17, 2010) ........................... 5

*Leon v. IPX Sys. Corp.*
  464 F.3d 951 (9th Cir. 2006)........................................................................... 5

## Statutes

28 U.S.C. § 1915(e)(2) ......................................................................................... 3

28 U.S.C. § 1915A ................................................................................................ 3

42 U.S.C. § 1983 .................................................................................................. 2

## Rules

Fed.R.Civ.P. 30 ..................................................................................................... 2

Fed.R.Civ.P. 37 ................................................................................................. 2, 5

Fed.R.Civ.P. 37(b)(2)(C) ..................................................................................... 5

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

- ii -

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Despite four Court orders, Plaintiff Andre Torres, has refused to answer questions, disrupted the four deposition sessions with colloquy and delay, and has repeatedly terminated the deposition sessions.  Under Federal rules of Civil Procedure 30 and 37, Defendants request evidentiary sanctions and dismissal.

## II.     PROCEDURAL SUMMARY

### A.      Complaint

On May 20, 2013, pro se plaintiff Andre A. Torres, a state prisoner proceeding in forma pauperis, filed a Complaint under 42 U.S.C. § 1983.  Dkt. 3. The defendants were Deputy Robles, Deputy Cortez, Ms. Pasos, Senior Deputy Bell and former Sheriff Lee Baca, in their individual and official capacities. Plaintiff alleged that his civil rights were violated in July and August of 2010 and again from 2010 to 2012, when he was assaulted by Sheriff's deputies Robles and Cortez, while housed as the Los Angeles County Jail; that he was assaulted by another inmate encouraged by defendant Pasos, that he was denied medical care for his injuries, and that these deputies were supervised by Sheriff Baca and Deputy Bell.

The specific allegations concerning Deputy Cortez were that Plaintiff was assaulted by Deputy Cortez and Deputy Robles in August of 2010, which left Plaintiff with severe and permanent injuries to his eyes, including damage to the retinas of both eyes.  Cmplt., pp. 5-6, Dkt. 3.

The specific allegations concerning Ms. Pasos were: (1) that in August of 2010, she was a "deputy custody officer" at 441 Bauchet Street, Los Angeles California 90012; (2) "On July 2010, she encouraged an inmate to assault me, Richard Lucero." Cmplt., p. 3, Dkt. 3; (3) "On July 2010, deputy Pasos encouraged an inmate named Richard Lucero to assault me.  The incident left me with serious injuries."  Cmplt., p. 5, Dkt. 3.; (4) "Deputy Pasos maliciously instructed inmate Richard Lucero to assault me. He assaulted me in two consecutive days and left me

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

1  with serious physical and emotional trauma."  Cmplt. p. 6, Dkt. 3. Ms. Pasos was

2  sued in her individual and official capacities.  Cmplt., p. 3, Dkt. 3.

3       The specific allegations against Defendant Baca were that "[n]umerous

4  complaints of abuse were made to Los Angeles County Sheriff Deputy Lee Baca,

5  no response was ever received.  He was in charge of my overall custody.  I

6  complained from 2010 to 2012."  Cmplt., p. 5, Dkt. 3.

7       On May 20, 2013, the case was referred to Magistrate Judge Sheri Pym.  Dkt.

8  4.

9       On June 14, 2013, Magistrate Judge Pym reviewed the case pursuant to the

10  Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, and issued an order

11  dismissing the Complaint with leave to amend. Dkt. 6.

12       On August 22, 2013, the case was reassigned to Magistrate Judge Alka Sagar.

13  Dkt. 12.

14       **B.**    **First Amended Complaint (FAC)**

15       Following several delays due to Plaintiff's incarceration, on October 17,

16  2013, Plaintiff filed his First Amended Complaint ("FAC").  Dkt. 18.  The FAC

17  pled three causes of action against Deputy Robles, Deputy Cortez, Ms. Pasos,

18  Senior Deputy Bell and Sheriff Lee Baca, in their individual capacities.  FAC pp. 3-

19  4, Dkt. 18.  Deputy Cortez was named in the first and second claims.

20       The first claim was for excessive force against Ms. Pasos for alleged acts in

21  July 2010 and Deputy Cortez and Robles for acts in August 2010 and "8-10."  The

22  second claim was against Robles and Deputy Cortez for deliberate indifference.

23  The third claim was against Bell and Baca for failure to protect.  FAC pp. 6-9, Dkt.

24  18.

25       On November 5, 2013, Magistrate Judge Sagar dismissed the FAC with leave

26  to amend: (1) the FAC did not state a claim under the 8th Amendment since it did

27  not specify if Plaintiff had been sentenced or in pre-trial detention; (2) the FAC did

28  not state a facts supporting a claim for deliberate indifference; and (3) the FAC

1  failed to state claims for failure to protect against Baca and Bell.  Dkt. 19.

2  **C.     Second Amended Complaint (SAC)**

3  On January 27, 2014, following an OSC, the Court granted Plaintiff leave to

4  file a Second Amended Complaint ("SAC") on or before February 26, 2014.

5  Dkt. 20.

6  On February 27, 2014, Plaintiff filed his SAC, one day late.  The pleading

7  had been mailed on February 24, 2014. Dkt. 23, p. 6.

8  The SAC did not name Defendants Bell or Baca.  The SAC alleged two

9  causes of action.  The first claim was for excessive use of force against Ms. Pasos,

10  in her individual capacity, based on alleged conduct in July of 2010.  SAC, p. 2,

11  Dkt. 23.  The second claim was for excessive use of force in violation of the

12  14th Amendment against Deputy Cortez and Robles, each in their individual

13  capacities. SAC, p. 3, Dkt. 23.

14  With respect to Defendant Cortez, the SAC alleged that while Plaintiff "was

15  in the hole at 2700 unit in LACJ," he made an in-house sexual misconduct

16  complaint against Deputy Cortez and Robles.  As a result, the two deputies showed

17  up late at night to question Plaintiff.  They referred to Plaintiff as a "he-she" and

18  "took turns battering my face with fists, one battered me while the other held me

19  from behind." Plaintiff's eyes were damaged.  He was denied medical attention, but

20  days later, due to a court order, he went to LAC+USC hospital where the doctors

21  found torn retinas and damage to the optic nerve.  SAC, pp 3-4, Dkt. 23.

22  With respect to Defendant Pasos, the SAC alleged that Ms. Pasos instructed

23  Lucero to beat Plaintiff because Plaintiff complained of being sexually assaulted by

24  several inmates and that the deputies at the jail "in general" had "a habit of

25  instructing and encouraging inmates to attack other inmates."  SAC, pp. 3-4, Dkt.

26  23.

27  **D.     Third Amended Complaint (TAC)**

28  On September 29, 2014, well past the expiration of the statute of limitations,

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

- 4 -

and while motions to dismiss were pending, Plaintiff filed a motion for leave to file a TAC. Plaintiff did not attach a proposed TAC to his motion and incorporated the SAC as to Defendants Pasos, Robles and Cortez. Dkt. 47. The new allegations against former Defendant Baca were that there was a "lack of proper training and supervision of the custody staff" caused "the abuse inflicted upon inmates" and that Baca, "failed to protect" Plaintiff in violation of his "Fourteenth Amendment Due Process Right as a pretrial detainee by not properly training and supervising his custody staff..." Dkt. 47, p. 2.

> **E.** **Order Denying TAC and Denying Motion to Dismiss the SAC, Defendants' Answer to SAC**

On January 9, 2015, U.S. District Judge R. Gary Klausner issued an order denying Defendants' motions to dismiss the SAC and denying Plaintiff's request for leave to file the TAC. Dkt. 60.

Defendants filed an Answer to the SAC denying Plaintiff's allegations and asserting a number of affirmative defenses, including

## III.   LEGAL STANDARD

There are two bases for this Court to issue sanctions under Federal Rule of Civil Procedure 37. First, there is the "inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Kopitar v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 25079 (E.D. Cal. Mar. 17, 2010), quoting *Leon v. IPX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006), citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337-38 (9th Cir. 1985); Fed.R.Civ.P. 37(b)(2)(C).

Second, Plaintiff has failed to obey multiple orders to permit discovery. Those are the orders for the four sessions of the deposition. Dkt. 65, 69, 72, 91, 106. By disrupting the deposition, refusing to answer and then refusing to return on July 12, 2015, Plaintiff has also failed to permit discovery.

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

TORRES & BRENNER

301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

## IV.    GOOD CAUSE EXISTS FOR EVIDENTIARY SANCTIONS HERE

### A.    First Deposition Session (5/5/15)

At the first deposition session on May 5, 2015, Mr. Torres refused to answer questions regarding his prior medical or psychiatric conditions.  Dkt 78-3, 65:21-25, 66:1-6.  He refused to answer questions regarding prior eye injuries.  Dkt. 78-3, RT 77:5-19.  Mr. Torres refused to answer whether he was hit in front of his head with a bottle in 2007. Dkt. 78-3, RT 77:5-12.

Plaintiff refused to answer questions concerning events before July 2010 or after August 2010.  "I stated to you that anything that is unrelated to this case, anything that happened before—and I'm going to just say it—before July 2010 or after August 2010 do not ask me about."  Dkt. 78-3, RT 77:8-11.  This included prior injuries reflected in his worker's compensation case.  Dkt. 78-3, RT 60:4-25, 61:1-25, 62:1-17, 65:8-19.

Mr. Torres gave conflicting answers regarding his background.  He would not state his education.  Dkt. 78-3, RT 19:23-25, 20:1-16.  He initially testified that he was born in Phoenix, Arizona, but then acknowledged that many of the police records indicate that he was born in Mexico.  Dkt. 78-3, RT 17:18-25, 18:16-18, 18:24-25, 19:1-3. Thereafter, he refused to answer any questions regarding where he was born, his education background or work history.  Dkt. 78-3, RT 20:8-14.

He refused to identify the women's names he had used other than "Eva" and "Alondra."  Dkt. 78-3, RT 21:5-16.

He refused to answer questions regarding his work history.  Dkt. 78-3, RT 23:19-25, 24:1-2.

He refused to testify about his medical history, including injuries to the head, face or eyes, prior to July of 2010.  Dkt. 78/3, RT 65:21-25, 66:1-6.

He refused to testify on his psychiatric history both before and after these alleged incidents of July and August 2010, which go to his ability to see, perceive and accurately remember the alleged accidents.  Dkt. 78-3, RT 65:21-25, 66:1-6,

- 6 -

77:5-19.  Plaintiff terminated the deposition at 12:04 p.m. because he was having symptoms from his diabetes.  Exh. A, RT 91:12-19.

### B.   Second Deposition Session (6/15/15)

The second session, noticed and ordered for 9:30 a.m. on June 15, 2015, began at 10:07 a.m., and was terminated by Plaintiff at 10:36 a.m.  Dkt. 78-4, RT 97, 118:4-24.

Plaintiff decided that he needed to write down each question and his answer before responding.  Dkt. 78-4, RT111:6-25, 112:1-12, 115:9-25, 116:1-16.  This resulted in undue consumption of time.

He also refused to answer any questions regarding his claim that Defendant Megan Pasos instructed an inmate to beat Plaintiff up in July of 2010.  Dkt. 78-4, p. 113:5-11, 20-24. He also refused to respond to questions about his injuries in July of 2010.  Dkt. 78-4, RT 113:20-25, 114:1-12.

### C.   Court Order of 12/8/15 (Dkt. 89)

On December 8, 2015, U.S. Magistrate Judge Alka Sagar entered the following order:

1. Plaintiff must appear again so that Defendants may depose him;

2. Plaintiff must answer *all* questions asked at the deposition;

3. If Plaintiff wishes to raise an objection to any question that he is asked, he is to state the objection, but he is still required to answer the question;

4. Plaintiff may write during the deposition, however, any writing must not delay the deposition;

5. To the extent that Plaintiff wishes to obtain a transcript of the deposition, he must request a copy from the court reporter;

6. Defendants must tailor their questioning to the substantive issues or elements of the case;

7. Plaintiff and Defendants must both, to the greatest extent possible,

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

- 7 -
DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

prepare for the deposition in such a way as to accommodate Plaintiff's diabetic status while also ensuring that the deposition is not halted.

### D.   Third Deposition Session (2/24/16)

As set forth in Exhibit C, the deposition began at 9:43 a.m. and terminated at 10:07 a.m., due to alleged symptoms due to "prediabetes."

### E.   Fourth Deposition Session (7/11/16 and 7/12/16)

The Court ordered the deposition to be conducted on July 11, 12, 13, 14, and 15, and to continue day-to-day until completed.  Dkt. 106.

On July 11, 2016, Plaintiff did testify on some subjects.  He also disrupted the deposition with objections and lengthy non-responsive answers.  He claims that Deputies Cortez and Robles caused bilateral retinal tears, but disrupted the deposition when asked about preexisting and subsequent assaults that injured his eyes.  At one point, on the video, he put his fingers in his ears and refused to listen to the questions.  In the afternoon, Plaintiff stated that he would not return for a second session, despite the Court order.

On July 12, 2016, Plaintiff advised the jail he would not attend the deposition. The prison liaison attended by teleconference, and confirmed on the record that Plaintiff refused to leave his cell. (Exhibit B.)

## V.   COSTS OF DEPOSITION NOW TOTAL $6,021.25.

As set forth in the Declaration of Anita Susan Brenner, and Exhibit D, the costs of the four deposition sessions now total $6,021.25.  (Brenner Decl., pp. 3-4, ¶ 15, Exh. D.)

## VI.   CONCLUSION

Defendants request a dismissal of this action, or in the alternative, evidentiary sanctions, plus reimbursement of the costs of these depositions in the amount of $6,021.25.

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

1  Dated: July 28, 2016                     LAW OFFICES OF TORRES & BRENNER

2

3                                            By:  /s/ Anita Susan Brenner

4                                                 Anita Susan Brenner, Esq.
                                                   Attorneys for Defendants Alberto
5                                                 Cortez, Jr., a public employee sued in
                                                   his individual capacity, Meghan Pasos,
6                                                 a public employee sued in her
                                                   individual capacity and Julian Robles,
7                                                 a public employee sued in his
8                                                 individual capacity

9

C:\Users\richard\Documents\WPDATA-DEP\RODRIGUEZ v. COLA\PLEADINGS 2016\Notice of Motion to Dismiss.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

- 9 -

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

**CERTIFICATE OF SERVICE**

Case Name: *Andre A. Torres vs. Lee Baca, et al.*

Case No.: 2:13-CV-03430-RGK-AS

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 301 East Colorado Boulevard, Suite 614, Pasadena, California 91101.

I hereby certify that on July 29, 2016, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ALBERTO CORTEZ, JR., MEGHAN PASOS AND JULIAN ROBLES' MOTION TO DISMISS CASE, OR IN THE ALTERNATIVE FOR EVIDENTIARY SANCTIONS PURSUANT TO FRCP 30 AND 37 FOR PLAINTIFF'S REFUSAL TO APPEAR AT COURT-ORDERED DEPOSITION**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed in Pasadena, California on July 29, 2016.

/s/ Richard Thompson

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROOF OF SERVICE – SERVICE LIST</u>**
*Andre A. Torres vs. Lee Baca, et al.*
U.S. District Court Case No. 2:13-CV-03430-RGK-AS

Andre A. Torres                               *Plaintiff in Pro Se*
AL-0450
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

- 11 -

DEFENDANTS' MEMO OF Ps AND As ISO OF MOTION TO DISMISS CASE